# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONIQUE HANSON, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| DTLR, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Monique Hanson ("Plaintiff") and files this Complaint against Defendant DTLR, Inc., ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorneys' fees and costs for Defendant's interference and retaliation

regarding Plaintiff in violation of the Family Medical Leave Act ("FMLA") and violations of the Americans with Disabilities Act, as amended (the "ADA").[1]

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a foreign domestic corporation, does business within this District, and is subject to jurisdiction in this Court. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

---

[1] Plaintiff has filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging violations of the Americans with Disabilities Act, as amended, and will amend her Complaint upon the issuance of a Right-to-Sue letter.

### III.  Parties and Facts

6.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

7.

From January 10, 2008, to September 14, 2020, Plaintiff was employed by Defendant.  Her last position held was Manager.

8.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FMLA.

9.

Defendant is an "employer" as that term has been defined by the FMLA.

10.

On or about July 7, 2020, Plaintiff tested positive for Covid 19. Due to various symptoms related to the virus, including shortness of breath, difficulty breathing, loss of smell, headaches, fever, and tightness of chest, and required quarantining, Plaintiff was unable to work for 14 days.

11.

On July 18, 2020, Plaintiff began taking leave.

12.

Following the 14-day period, Plaintiff again tested positive for the Covid-19 virus.

13.

Plaintiff was required to quarantine a second time. Plaintiff was tested a third time and, again, was positive for the Covid-19 virus.

14.

Following the third time Plaintiff tested positive for Covid-19, she requested to take FMLA leave and was directed to complete the required forms.

15.

On September 1, Plaintiff was given the FMLA paperwork to complete. Plaintiff was also told of additional documents to provide to her employer, which were required to be returned by September 11, 2020.

16.

On September 4, Plaintiff was diagnosed with a respiratory infection, which impacted her ability to work.

17.

The same day, Plaintiff provided a doctor's note to Defendant. The doctor's note stated that Plaintiff was unable to return to work due to her illness and treatment and requested a return-to-work date of September 14, 2020.

18.

Later, on September 9, 2020, Plaintiff provided a second doctor's note to Defendant requesting a reasonable accommodation that she be allowed to remain out of work until testing results were returned.

19.

On September 16, Plaintiff was terminated.

## COUNT III:
## FMLA INTERFERENCE

20.

Plaintiff reincorporates by reference paragraphs 1-19.

21.

Defendant is an 'employer' as defined by the FMLA.

22.

Plaintiff was an eligible employee under the FMLA.

23.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

24.

Plaintiff was employed by Defendant for more than 12 months.

25.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

26.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

27.

Plaintiff had a medical condition that required Plaintiff to take time off work.

28.

Plaintiff had a serious medical condition as defined by the FMLA.

29.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on September 1, 2020.

30.

Defendant failed to notify Plaintiff of her rights to FMLA leave, even though she was qualified under the FMLA for such leave.

31.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

32.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

33.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

34.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and

(B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT IV: FMLA RETALIATION

35.

Plaintiff reincorporates by reference paragraphs 1-19.

36.

Defendant is an 'employer' as defined by the FMLA.

37.

Plaintiff was an eligible employee under the FMLA.

38.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

39.

Plaintiff was employed by Defendant for more than 12 months.

40.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

41.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

42.

Plaintiff had a medical condition that required Plaintiff to take time off work.

43.

Plaintiff had a serious medical condition as defined by the FMLA.

44.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on September 1, 2020.

45.

Defendant denied Plaintiff's requests for FMLA leave, even though she was eligible under the FMLA.

46.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

47.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

48.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

49.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**WHEREFORE**, Plaintiff judgment as follows:

(a) Special damages and/or liquidated damages for unpaid and lost wages and benefits and prejudgment interest thereon;

(b) Compensatory damages, including emotional distress damages;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues so triable;

(e) Prejudgment interest at the rate allowed by law;

(f)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g)        All equitable relief available under the FLSA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h)        All other relief to which she may be entitled.

Respectfully submitted, this 21st day of September 2021.

**BARRETT and FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Plaintiff Monique Hanson*

1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
iesmith@justiceatwork.com